IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MORGAN ODETELLAH<br>6162 Wareham Drive<br>Parma, OH 44129<br><br>   Plaintiff<br><br>vs.<br><br>AUTO SERVICES UNLIMITED, INC.<br>5755 Granger Road, Suite 777<br>Independence, OH 44131<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br><br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

Now comes Plaintiff Morgan Odetellah ("Plaintiff"), by and through counsel, and for her Complaint against Auto Services Unlimited, Inc. ("Defendant") states as follows:

## **PARTIES**

1. Plaintiff is a resident of the City of Parma, Cuyahoga County, Ohio.

2. Defendant is a for profit corporation with its principal place of business in Independence, Cuyahoga County, Ohio.

3. The events giving rise to this matter occurred within Cuyahoga County, Ohio.

4. This Court has original jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 by Title VII of the Civil Rights Act of 1964.

5. This Court has personal jurisdiction over Defendant because they are headquartered and/or have their principal place of business in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

7. Plaintiff at all relevant times was an employee for Defendant.

## FACTS

8. Plaintiff was an employee for Defendant for five years from the date of her termination.

9. At the time of her termination, Plaintiff's title was Finance Manager.

10. During Plaintiff's employment, Ian Goan ("Goan") was an employee of Defendant with the title of Manager.

11. Plaintiff is of female sex, identifies as a woman, and practices the Muslim faith.

12. Throughout Plaintiff's employment with Defendant, Goan has made consistent discriminatory, harassing remarks against Plaintiff regarding her religion and sex creating a hostile work environment.  Goan would make similar comments to other employees.

13. On multiple occasions, Goan would make derogatory comments against Muslims including statements that if he were President, he would blow up Iraq since they do not do anything besides cover themselves up in towels, refer to one Middle East salesman as "Amar the bomber", and request Plaintiff talk to Amar when Goan needed him because they practiced the same faith.

14. Additionally, as a practicing Muslim, Plaintiff does not eat pork, yet Goan would make comments on her dietary habits including telling her she is picky and needs to get over it.

15. On multiple occasions, Goan would make vulgar, sexist statements toward Plaintiff as a woman during her pregnancy such as:

- "Your doctor appointments are getting extensive for someone who is just pregnant"

- "You are definitely taking advantage of your maternity leave; I wish I could get pregnant."
- "I can say and do what I want at the end of the day, this is a man's company."

16. Additionally, shortly prior to Plaintiff's termination, Goan suggested Plaintiff should skip her lunch break during her pregnancy in order to be a "better worker".

17. Furthermore, Goan has made sexist accusations to other staff that Plaintiff received her managerial promotion as a result of having sexual relations with the owner of the company.

18. On January 1, 2021, Plaintiff made a complaint to HR Director Patrick Abbott of Goan's harassing and vulgar behavior including his comments on her having sexual relations with the owner, his comments on another female employee's cleavage, and racial comments regarding Muslim employees. The complaints were of no avail.

19. Following Plaintiff's complaint to HR, Plaintiff and other employees would continue to make complaints concerning Goan's conduct in the workplace.

20. On or about December 13, 2021, Plaintiff sent a formal email to Defendant informing them of her resignation within two weeks or a "two-week notice".

21. Defendant asked Plaintiff to remain with the employer which she agreed, however, as a consequence for the notice of resignation, Plaintiff did not receive a bonus for the month of December.

22. Additionally, throughout Plaintiff's employment, Plaintiff would provide male employees in lower positions higher bonuses than herself. When Plaintiff asked the reasoning for the higher bonuses, management informed her "it was just the way of things."

23. On numerous occasions, Nate Fried, an owner of Defendant, would send cash payments to Plaintiff outside the scope of employment to compensate for the inadequate bonuses.

24. On or about April 27, 2022, Plaintiff's employment was terminated by Defendant. Prior to Plaintiff's termination, Plaintiff never received any write ups, attendance or performance probation throughout her employment. The termination occurred after Plaintiff's consistent complaints against the other employees conduct and after Plaintiff's attorneys contacted human resources regarding the abusive conduct in the workplace.

25. Additionally, on or about March 19, 2021, Goan wrote a letter of recommendation for Plaintiff regarding her performance and overall growth as an employee for Defendant.

## COUNT ONE
## SEXUAL HARASSMENT IN THE WORKPLACE

26. Plaintiff restates and incorporates herein the allegations contained in paragraphs 1 through 25 as if fully rewritten herein.

27. Defendant subjected Plaintiff to unwelcome and offensive conduct by their employees in the workplace that was sexual in nature and/or based on Plaintiff's gender. The conduct and harassment directed at Plaintiff by Defendant's employees exceed the bounds of decency and tolerance. The sexual harassment alleged herein affected a term, condition, or privilege of Plaintiff's employment at her place of employment by creating an abusive work environment that affected her ability to do her job.

28. Plaintiff reported the sexually unwelcome conduct of Defendant's employees, but Defendant failed to mitigate or remedy the conduct in response to Plaintiff's complaint(s). Defendant knew of the harassment within the workplace.

29. The behavior and actions by Goan and other employees toward Plaintiff created a hostile work environment for Plaintiff which negatively impacted her ability to perform her duties.

30. The action alleged herein constitutes sexual harassment against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

31. As an employee of Auto Services Unlimited, Defendant is vicariously liable for the behavior and actions of Ian Goan and other employees.

32. As a proximate result of the foregoing, Plaintiff has been damaged and is entitled to compensatory and punitive damages.

## COUNT TWO
## DISCRIMINATION BASED ON GENDER

33. Plaintiff restates and incorporates herein the allegations contained in paragraphs 1 through 32 as if fully rewritten herein.

34. Plaintiff is a woman and, as an employee for Defendant, was subjected and exposed to express and latent discrimination against women.

35. This behavior included employee Ian Goan making comments that Plaintiff lacked proper workmanship during her pregnancy, that she only received her promotion through sexual favors with the ownership, that she should skip lunches during her pregnancy in order to be a better employee, and that such comments were appropriate since it was a "man's company."

36. This behavior included Plaintiff receiving lesser pay through bonuses than her male subordinates.

37. The actions alleged herein constitute discrimination based on gender against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

38. As an employee of Auto Services Unlimited, Defendant is vicariously liable for the behavior and actions of Ian Goan and other employees.

39. As a proximate result of the foregoing, Plaintiff has been damaged and is entitled to compensatory and punitive damages.

## COUNT THREE
## DISCRIMINATION BASED ON RELIGION

40. Plaintiff restates and incorporates herein the allegations contained in paragraphs 1 through 39 as if fully rewritten herein.

41. Plaintiff is a practicing Muslim and, as an employee for Defendant, was subjected to express and latent Islamophobic statements, attitude, and behavior.

42. This behavior included Defendant's employee Ian Goan requiring Plaintiff to be the main contact person between Goan and another Middle Eastern employee solely because Plaintiff is a Muslim.

43. This behavior included Defendant's employee Ian Goan calling other Middle Eastern employees discriminatory nicknames, such as "Amar the bomber", and stating he would blow up Iraq because those people do not do anything for the world except cover themselves up in towels.

44. This behavior included Defendant's employee Ian Goan making comments insulting Plaintiff's religious dietary requirements of pork consumption abstinence by stating she is too picky and "needs to get over it."

45. The behavior and actions by Goan and other employees toward Defendant created a hostile work environment for Plaintiff which negatively impacted her ability to perform her duties.

46. The actions alleged herein constitute discrimination based on religion against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

47. As an employee of Auto Services Unlimited, Defendant is vicariously liable for the behavior and actions of Ian Goan and other employees.

48.     As a proximate result of the foregoing, Plaintiff has been damaged and is entitled to compensatory and punitive damages.

## COUNT FOUR
## WRONGFUL TERMINATION

49.     Plaintiff restates and incorporates herein the allegations contained in paragraphs 1 through 48 as if fully rewritten herein.

50.     As set forth above, Defendant subjected Plaintiff to unwelcome and offensive conduct in the workplace toward Plaintiff that was sexual, discriminatory, and hostile in violation of Title VII of the Civil Rights Act of 1964.

51.     Plaintiff engaged in an activity protected by Title VII when she opposed and reported the unlawful acts of Defendant by and through its employees and agents including but not limited to the sexual harassment, gender discrimination, and religious discrimination she was exposed to while employed for Defendant, by her superiors, and other employees.  Defendant was aware of her exercise of her civil rights.

52.     After engaging in the protected activity, Defendant fired Plaintiff.

53.     Defendant's firing was a direct result of Plaintiff's engagement in protected activities under Title VII.

54.     As a direct and proximate result, Plaintiff has been damaged and is entitled to compensatory and punitive damages.

WHEREFORE, Plaintiff requests the following relief on Counts One, Two, Three, and Four that judgment be awarded in her favor against Defendant, as follows:

        a. Damages in excess of $1,000,000.00, the full amount of which will be proven at trial, to cover all loss and damages to Plaintiff;

        b. Punitive damages;

    c.  Court costs, expenses, and reasonable attorney fees; and

    d.  For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on any and all issues set forth in this Complaint to the maximum number of jurors permitted by law.

Respectfully submitted,

*/s/ Dennis R. Fogarty*
DENNIS R. FOGARTY (0055563)
**DAVIS & YOUNG**
35000 Chardon Road, Suite 100
Willoughby Hills, OH 44094
Ph:   (216) 348-1700
Fax: (216) 621-0602
Email: dfogarty@davisyoung.com
*Attorney for Plaintiff*